# Exhibit E

## Promissory Note

Todd R. Zaeske
Great Lakes Region

## PROMISSORY NOTE

$272,311                                                                                     03/14/2011

FOR VALUE RECEIVED, you, as the undersigned maker of this Note, unconditionally promise to pay to the order of Wells Fargo Advisors, LLC ("Wells Fargo Advisors"), its affiliates, successors and assigns, at One North Jefferson, St. Louis, MO 63103, or at such other place as the holder hereof may designate, in lawful money of the United States of America, the principal sum of Two Hundred Seventy Two Thousand, Three Hundred Eleven Dollars, ($272,311), with interest thereon at a rate of 2.44% per annum calculated beginning March 19, 2011. Initially, accrued interest on this Note shall be due and payable on the 1st of November 2011. In addition, this Note shall be payable in 88 equal monthly installments of principal and interest in the amount of $3,420.79, beginning on the 1st of November 2011 and continuing on the 1st of each month thereafter until paid in full. Unless sooner paid, the outstanding principal balance of this Note, together with any accrued and unpaid interest thereon, shall be due and payable on February 2019.

The undersigned shall have the right to prepay this Note in full or in part at any time without penalty on any amounts so prepaid.

Events of Default: The occurrence of any one or more of the following events with respect to you shall constitute an event of default under this Note ("Event of Default"): (a) you fail to make payment of any installment of principal and interest on this Note within 15 days of the date such payment becomes due and payable; (b) your employment with Wells Fargo Advisors or any successor company ends for any reason or no reason; (c) you die or incur a Disability (as hereinafter defined); (d) you default under any other outstanding obligation to Wells Fargo Advisors or any of its affiliates; (e) the appointment of a trustee or receiver for you or any of your property; (f) the commencement of any proceeding by or against you under any bankruptcy, reorganization, insolvency, receivership, or similar law or statute; or (g) you no longer hold the functional title of Financial Advisor (or the equivalent). For purposes of this paragraph, "Disabled" means the disability of a participant as a result of injury or sickness as defined in the Wells Fargo & Company Long-Term Disability Plan (Plan number 502), as amended from time to time, after having received Long Term Disability payments for two consecutive years.

Remedies: Upon the occurrence of an Event of Default (unless all Events of Default have been cured or waived by Wells Fargo in writing), Wells Fargo may, at its option, declare the entire unpaid principal balance of this Note immediately due and payable, regardless of any prior forbearance, and exercise any and all rights and remedies available to it under applicable law with respect to the enforcement and collection of this Note. You acknowledge that the interest rate of this Note is a discount rate so that upon the occurrence of an Event of Default, this Note shall bear interest on the remaining unpaid principal balance at a default rate of interest equal to the interest rate stated in the first paragraph of this Note plus an additional three percent (3%). The rights and remedies of Wells Fargo under this Note shall be cumulative and not alternative.

Assignment of Wages and Right of Set-off: In addition to its other rights and remedies in connection with an Event of Default, Wells Fargo may, to the maximum extent permitted under applicable law, set-off and apply the following for the payment of any unpaid principal balance and accrued interest on this Note: (a) any amount(s) outstanding to your credit, (b) any commissions, bonuses or other compensation or amount(s) due you by Wells Fargo, or (c) any sums or assets in which you have a direct or indirect interest that are held in any brokerage, deposit or other account at Wells Fargo, **including but not limited to Wells**

Todd R. Zaeske
Great Lakes Region

Fargo Bank, N.A. or any other affiliate of Wells Fargo. **You hereby authorize Wells Fargo to exercise this right of set-off, and you therefore assign and grant a security interest therein** to Wells Fargo as security for repayment of any and all amounts due hereunder in all commissions, salaries, wages, bonuses and other amounts due or to become due you, and you consent to any payroll deductions by Wells Fargo. Notwithstanding any other provision to the contrary, any amounts owed by you to Wells Fargo that are subject to offset against compensation, either payable by or to be paid by Wells Fargo, shall not be offset against amounts that are nonqualified deferred compensation subject to Code section 409A and to the extent such amounts may be offset against compensation that is not deferred compensation subject to section 409A (non-deferred amounts), such offset shall not occur prior to the time the non-deferred amounts first become substantially vested.

Suspension of Payments: In the event you are eligible and approved for any leave under company policy for a period of 30 days or more, including up to the first two years of the period during which you are receiving disability benefits under the Wells Fargo Corporation Long-Term Disability Plan all monthly payments under this Note will be suspended for the time you remain on such leave. In addition, the due date for this Note shall be extended by the period equal to the period of your approved leave of absence, and an adjustment to the interest rate under this Note to reflect the extended term shall be made at the time your leave begins, to the extent such adjustment is required to avoid imputed compensation income to you under Internal Revenue Code Section 7872. Upon your return to active employment, payments shall resume under this Note as so adjusted. Interest at the current rate specified herein or the adjusted rate (if applicable) will continue to accrue during any such period of suspended payments. Failure to return from leave under company policy, resulting in termination of your employment, will be considered an Event of Default under the terms of this Note.

Arbitration Clause: Wells Fargo and you agree that any action instituted as a result of any controversy arising out of this Note, or as a result of any section interpretation thereof, shall be brought before the arbitration facility of the Financial Authority Regulatory Authority to the exclusion of all others. You agree that arbitration shall be your exclusive remedy and that the results of such arbitration shall be final and binding upon you. Judgment upon any award rendered by an arbitration panel may be entered in any state or federal court of competent jurisdiction.

Reimbursement of Expenses; Waiver of Presentment, etc: You agree to pay all reasonable costs and expenses incurred by or on behalf of Wells Fargo in connection with its exercise of any or all of its rights and remedies under this Note, including, without limitation, all attorneys' fees and expenses, but in no event less than 25% of the principal and accrued interest balance due and payable at the time an action to enforce the Note may be initiated by Wells Fargo. You hereby waive presentment, demand, protest and notice of dishonor of this Note. You also expressly agree that Wells Fargo may seek a garnishment of your wages in a court of competent jurisdiction to satisfy any or all amounts you owe to Wells Fargo.

Waiver; Extensions or Renewals: Neither the failure nor any delay in exercising any right, power or privilege under this Note will operate as a waiver of such right, power or privilege, and no single or partial exercise of any such right, power or privilege by Wells Fargo will preclude any other or further exercise of such right, power or privilege. Any extension or renewals of this Note that may be permitted by Wells Fargo, from time to time in its sole discretion, shall not operate as a waiver or otherwise release you from liability under the terms of this Note.

Consent to Jurisdiction: You agree and consent to the jurisdiction and venue in any court of competent jurisdiction in the State of Missouri as a proper site for any proceeding brought against you by Wells Fargo to enforce the provisions of this Note, including any proceeding seeking injunctive or other equitable relief to enforce the nonsolicitation provisions of this Note. You specifically waive any objection to the venue or the personal jurisdiction of those courts. You agree that Wells Fargo will not be limited in any way in its

Todd R. Zaeske
Great Lakes Region

ability to enforce the provisions of this Note, including the nonsolicitation provisions, in any other court of competent jurisdiction.

Severability:  If any court of competent jurisdiction holds any provision of this Note invalid or unenforceable, the other provisions of this Note will remain in full force and effect. Any provision of this Note held invalid or unenforceable only in part or degree will remain in full force and effect to the extent not held invalid or unenforceable.

Miscellaneous:  This Note will bind you and your heirs, beneficiaries and estate. You agree and consent to the assignment and transfer of this Note by Wells Fargo. This Note shall be governed by the laws of the State of Missouri (without regard to the choice of laws rules thereof).

IN WITNESS WHEREOF, you have executed and delivered this Note as of the date stated above with the follow signature and seal.

_____ (SEAL)
Todd R. Zaeske

_____ (SEAL)
Witness